|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| ... |     |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA M. JOHNSON,

        Plaintiff,

v.

TACOMA POLICE, *et al.*,

        Defendants.

CASE NO. 3:20-cv-05548-RJB

REPORT AND RECOMMENDATION

NOTED FOR: October 2, 2020

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. *See* Am. Gen. Order No. 02-19. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR3 and MJR4.

This matter is before the Court on the undersigned's Order to Show Cause or Amend Proposed Complaint. *See* Dkt. 7. Plaintiff, proceeding *pro se*, has not responded to the Court's order, despite that the deadline to do so was on August 24, 2020. *See id.* Because plaintiff failed to timely respond to the Court's order to show cause (Dkt. 7), the undersigned recommends

1  denying plaintiff's *in forma pauperis* application (Dkt. 5) and dismissing this action without
2  prejudice.

## DISCUSSION

In her proposed complaint, plaintiff alleges that on June 2, 2020, Pioneer Human Services' manager, defendant Amber Miller, entered plaintiff's residence without permission. Dkt. 1, at 6.  Plaintiff further alleges that she called the police for breaking and entering and safety and health "COVID-19." *Id.*  Plaintiff alleges that "[d]efendants . . . failed to investigate [the] scene" of the breaking and entering, that defendants "left the suspect in the building," and that "[d]efendants wrote a false incident report." *Id.* at 3, 6.  Plaintiff further alleges that defendants "treated her differently," and that defendants were "negligen[t] [and] non-complian[t] and "failed to perform dut[ies]" regarding unspecified housing violations. *See id.* at 6.

Based on the forgoing, plaintiff alleges that defendants Pioneer Human Services (a nonprofit social enterprise), Amber Miller (Pioneer Human Services' manager), the Tacoma Police Department, two Tacoma police officers (Moses and Brame), the Tacoma Housing Development, and a Tacoma Housing Development headquarter inspector (Jeff Fisher) violated her rights under the Fourth and Fourteenth Amendments; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); 42 U.S.C. § 1981; and the Fair Housing Act of 1968, 42 U.S.C. §3601 ("Fair Housing Act").  *See* Dkt. 1, at 1–2, 7.

On July 24, 2020, the Court ordered plaintiff to amend her proposed complaint on the basis that she failed to state a claim upon which relief can be granted. *See* Dkt. 7.  Specifically, the Court stated that plaintiff failed to properly name municipal defendants, failed to establish municipal liability under 42 U.S.C. § 1983, failed to plead sufficient facts to demonstrate how defendants Pioneer Human Services, Miller, and Fisher were subject to suit under 42 U.S.C. §

1983, and failed to plead sufficient facts to plausibly state a claim of employment and/or housing discrimination under Title VII, 42 U.S.C. § 1981, and the Fair Housing Act. *See id.* at 5–10. The Court further warned plaintiff that if she failed to amend her proposed complaint or adequately address the issues raised in the order to show cause on or before August 24, 2020, the undersigned would recommend denial of her *in forma pauperis* application (Dkt. 5) and dismissal of this action without prejudice. *See* Dkt. 7, at 11.

Plaintiff has taken no action in response to the Court's order to show cause. Therefore, the undersigned recommends that plaintiff's *in forma pauperis* application (Dkt. 5) be **DENIED**, and that this matter should be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 2, 2020**, as noted in the caption.

Dated this 14th day of September, 2020.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3